I concur only in the result, because (I think) the trial court did have jurisdiction to set aside the agreement but the employee did not prove by evidence that good cause existed to relieve her of the effect of the agreement.
Section 25-5-292(a), Ala. Code 1975, provides that a settlement is "effective on the date the settlement is signedunless one of the parties submits the settlement to the court forapproval as provided in this article." (Emphasis added.) The employer's motion to enforce the settlement agreement did, in fact, constitute the employer's submission of "the settlement to the court for approval." Everything in the materials before us demonstrates that such court approval was the primary goal of the employer's motion. Thus the settlement remained inchoate.
Section 25-5-292(b), Ala. Code 1975, provides:
 "An agreement signed pursuant to this section shall be binding on all parties through the final conclusion of all matters relating to the claim, unless within 60 days after the agreement is signed or approved the court on a finding of fraud, newly discovered evidence, or other good cause, shall relieve all parties of the effect of the agreement." (Emphasis added.)
Because the agreement was still pending approval by the court, the court had jurisdiction to find either "fraud, newly discovered evidence, or other good cause." In other words, because the agreement was still pending approval, the 60-day deadline period had not yet begun to run.
The employee, however, does not show in her briefs before us that she proved "other good cause" by the evidence. While her briefs argue that her own lawyers coerced her into accepting the settlement and that her job-related disability exceeded the sum set by the settlement agreement, her briefs do not cite to evidence to such effect presented to the trial judge, much less evidence so conclusive that the trial judge would be subject to reversal for failure to relieve the employee of the effect of the agreement.
Thus, while inadequacy, undue influence, and coercion are recognized grounds for vacating a settlement, § 25-5-56, Ala. Code 1975, the trial court did not err in refusing to grant the employee relief on any such grounds. On the other hand, our recognizing the durability of the jurisdiction of the trial court over such settlement agreements is important to conform the ombudsman process to the beneficent purpose of the workers' compensation statutes to protect employees.
Cook, J., concurs.